IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:23-CR-242-SDJ-AGD-1 |
| CHRISTOPHER WALTON (1) | § § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing On December 12, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Sarah Jacobs. The Government was represented by Assistant United States Attorney William Tatum.

On October 6, 2020, United States District Judge Henry Edward Autrey, sentenced Defendant to a term of forty-six (46) months, followed by two (2) years of supervised release. *See* Dkt. 2 at 1. On November 4, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.*

On November 14, 2023, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated nine conditions of supervised release. *See id.* at 1–5. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must refrain from any unlawful use of a controlled substance and submit one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter; (2) Defendant must submit to substance abuse testing

1

to determine if Defendant used a prohibited substance; (3) Defendant must participate in a substance abuse treatment program and follow the rules and regulations of the program; (4) Defendant must not commit another federal, state, or local crime; (5) Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (6) Defendant must answer truthfully the questions asked by your probation officer; (7) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless excused by the probation officer from doing so. If Defendant does not have a full-time employment, then he must try to find full-time employment, unless excused by the probation officer from doing so. If Defendant plans on changing where he works or anything else about his employment, then he must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, then Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (8) Defendant must live at a place approved by the probation officer; and (9) Defendant must follow the instructions of the probation officer related to the conditions of supervision. *See id.*

   The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On April 14, and October 13, 2023, Mr. Walton submitted a urine specimen at the U.S. Probation Office in Plano, Texas, that tested positive for marijuana. He admitted verbally and in writing to using marijuana and each specimen was subsequently confirmed positive by Abbott Laboratories.

   Additionally, on November 1, 2023, Mr. Walton submitted a urine specimen at NOC Clinical Counseling and Consulting PLLC in McKinney, Texas that tested positive for marijuana. The specimen was subsequently confirmed positive by Abbott Laboratories.

(2) Mr. Walton failed to report for drug testing at NOC Clinical Counseling and Consulting PLLC in McKinney, Texas on June 26, and October 19, 2023, as part of the U.S. Probation Office's random drug testing program.

(3) On January 5, 2023, Mr. Walton was referred for twice a month individual substance abuse counseling at Fletcher Counseling & Associates in Plano, Texas. Mr. Walton failed to attend his scheduled treatment sessions on March 21 and April 8, 2023.

(4) On or about October 18, 2023, in Fort Worth, Texas, Christopher Walton did then and there commit the Class B misdemeanor offense of Criminal Mischief, in violation of Texas Penal Code § 28.03. According to information provided by the officer with the Fort Worth Police Department, he responded to a call due to Mr. Walton causing damage to his ex-girlfriend's apartment door, worth approximately $500. He advised that Mr. Walton was no longer on scene so no further action was taken beyond a report being generated. As of this writing, no charges have been filed and this offense remains pending.

(5) On October 13, 2023, Mr. Walton reported to the U.S. Probation Office in Plano, Texas to discuss his noncompliance. He met with Supervising U.S. Probation Officer Jansen Kitchens and admitted that he had been living in Fort Worth, Texas and not at his approved address in Plano, Texas. Mr. Walton did not have permission to be in Fort Worth, which is located in the Northern District of Texas, during the above noted incident on October 18, 2023.

(6–7) On May 24, 2023, Mr. Walton notified the probation officer via text message that his employment with Amazon ended as it was no longer peak season. On May 25, 2023, telephone contact was made with the Amazon corporate office to verify Mr. Walton's last day of employment and reason for separation. The Amazon representative advised that they could not provide any information unless Mr. Walton was on the phone. The probation officer then contacted Mr. Walton by phone and advised that his employment separation had to be verified with Amazon and he would need to provide his information to them via a three-way call. Contact was made again with the Amazon corporate office and after verifying Mr. Walton's identity, the call was transferred to the Human Resources ("HR") department. During the call, Mr. Walton was asked by the HR representative the last day of employment and he stated April 30th. The HR representative also asked Mr. Walton the reason for separation, and he stated he was terminated for getting into an altercation with another employee. The HR representative then confirmed that client was terminated on April 30, 2023, for violation of company rules and policies. As such, Mr. Walton was not truthful regarding his employment and failed to notify the probation officer within 72 hours of the change.

Additionally, Mr. Walton submitted his monthly report via the electronic reporting system ("ERS") for the month of April 2023, indicating he was still employed with Amazon. However, his employment ended April 30, 2023.

Additionally, Mr. Walton submitted his monthly report via ERS for the months of August and September 2023, indicating he was still employed with McDonald's in Dallas, Texas. However, his employment ended August 2, 2023.

3

    Additionally, on October 3, 2023, Mr. Walton submitted his monthly report via ERS indicating he was still employed with McDonald's in Dallas, Texas. On October 12, 2023, contact was made with this employer, and they advised that Mr. Walton was terminated from employment on August 2, 2023, after he threatened an employee. Mr. Walton failed to notify the probation officer of his change in employment.

(8) On October 13, 2023, Mr. Walton reported to the U.S. Probation Officer in Plano, Texas to discuss his noncompliance. He met with Supervising U.S. Probation Officer Jansen Kitchens and admitted that he had been living in Fort Worth, Texas without the permission of the U.S. Probation Office.

(9) On October 13, 2023, Mr. Walton reported to the U.S. Probation Officer in Plano, Texas to discuss his noncompliance. He met with Supervising U.S. Probation Officer Jansen Kitchens (SUSPO Kitchens) and admitted that he had been living in Fort Worth, Texas without the permission of the U.S. Probation Office. SUSPO Kitchens instructed Mr. Walton that he must live in Plano at the previously approved address, and he cannot live or go into Fort Worth.

    On October 19, 2023, the undersigned was contacted via email by a police officer with the Fort Worth Police Department. He stated that he responded to a call last night (October 18, 2023) where Mr. Walton caused damage to his ex-girlfriend's apartment door. Additionally, on October 30, 2023, contact was made with the Fort Worth Police Department after the probation officer was notified via an ATLAS hit on October 29, 2023, that Mr. Walton's information was run by their department. The probation officer was advised that there was a call sheet narrative that a female could be heard over the phone yelling, "don't break into my house" and a male voice was overheard shouting, "let me in the house." Further, Mr. Walton sent a text message to the probation officer later the same day that he had contact with the Fort Worth Police Department last night and he went there to pick up his clothes. As such, Mr. Walton failed to follow the instructions of the probation officer by returning to the city of Fort Worth without permission.

On December 12, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for December 12, 2023. Defendant entered a plea of true to allegations one through three and five through nine, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 12. The Government moved to withdraw allegation four, which the Court granted. *See* Minute Entry for

4

December 12, 2023. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the December 12, 2023, hearing, the Court recommends that Defendant be sentenced to a term of imprisonment of nine (9) months, with twenty-four (24) months of supervised release to follow under the previous conditions of supervised release. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 13th day of December, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE